(No. 4426—)

MAE FRENCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*
*Petition of Claimant for rehearing denied November 13, 1951.*

BOWE AND BOWE, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER. Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Mae French, seeks to recover from respondent under the Workmen's Compensation Act for injuries that resulted from an accident, which arose out of and in the course of her employment as a certified housekeeper at the Veterans Rehabilitation Center in Chicago, operated by the Department of Public Welfare.

On December 20, 1950, claimant, in the course of her duties, was walking from one building to another at said Center when she misstepped, or tripped, and fell, striking the brick pavement on her right side, sustaining a fractured wrist and a fracture of one of the pelvic bones.

No jurisdictional questions are involved, and respondent has furnished all medical and hospital services required to cure and relieve claimant of the effects of her accidental injuries.

Claimant's doctor took ten X-Rays. Those of claimant's right shoulder, right elbow and right knee disclose nothing that could cause recognizable disability, and the doctor's physical examination of claimant corroborates such conclusion.

The X-Rays of claimant's right wrist disclosed a Colles fracture (silver fork) of the radius and ulna, the fracture of the former bone extending into the joint space. Reduction of such fractures was incomplete, and deformity in the wrist was marked. Limitation of flexion and extension of the wrist amounted to 85 and 70%, respectively. In addition, claimant's fingers on

her right hand were stiffened, flexion being limited 25%.

From the foregoing, we conclude that claimant has sustained a 40% loss of use of her right hand.

The X-Ray of claimant's pelvic region disclosed a fracture of the right ischium, and a separation of the os pubes. The Lasuege and Kernig tests disclosed an inflammatory condition in the lower lumbar region at the sciatic nerve. This would indicate a small loss of use of both legs.

Since claimant's discharge from the hospital, she has performed her work and social duties as before, but her gait is careful, and somewhat awkward.

The foregoing indicates to us that claimant has sustained a 10% loss of use of both legs.

Claimant, on the date of her accident, was 71 years of age, and had two grown and married daughters. Her earnings in the year prior to her accident amounted to $2,530.00, and her rate of compensation is, therefore, $22.50 per week.

Claimant was temporarily and totally disabled for one month, or 4-2/7 weeks, and during such period of temporary total disability she was paid her full salary of $215.00, but she was entitled to only $96.43, and was thus overpaid $118.57, which will have to be deducted from her award.

William J. Cleary & Co., Chicago, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Anderson. Charges in the amount of $48.85 were incurred, which charges are reasonable and customary. An award is entered in favor of William J. Cleary & Co. in the sum of $48.85.

An award is entered in favor of claimant, Mae French, under Section 8 (e) (12) (15) of the Workmen's Compensation Act as follows:

| | |
|---|---:|
| 40% loss of use of her right hand, or 68 weeks at $22.50 per week, being the sum of......................................................................... | $1,530.00 |
| 10% loss of use of both right and left legs, or 38 weeks at $22.50 per week, being the sum of................................................. | 855.00 |
| | $2,385.00 |
| Less overpayment......................................................................... | 118.57 |
| Net award......................................................................... | $2,266.43 |

This award to claimant is payable as follows:

$ 829.29, less overpayment of $118.57, or the sum of $710.72, which has accrued, and is payable forthwith;

$1,555.71, payable in weekly installments of $22.50 per week commencing on October 12, 1951, for a period of 69 weeks, plus one final payment of $3.21.

This award is subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.